

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00699-CR

Benjamin Lee **ALEXANDER**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2018CR8084W
The Honorable Mark Luitjen, Judge Presiding

PER CURIAM

Sitting:      Sandee Bryan Marion, Chief Justice
            Karen Angelini, Justice
            Irene Rios, Justice

Delivered and Filed: November 21, 2018

DISMISSED

Pursuant to a plea-bargain agreement, appellant pleaded guilty to aggravated assault with a deadly weapon, and the trial court assessed a punishment of five years' imprisonment. On August 6, 2018, the trial court signed a certification of defendant's right to appeal stating that this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). After appellant filed a notice of appeal, the trial court clerk sent copies of the certification and notice of appeal to this court. *See id.* 25.2(e). The full clerk's record, which includes the trial court's Rule 25.2(a)(2) certification, has been filed. *See id.* 25.2(d).

"In a plea bargain case ... a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, or (B) after getting the trial court's permission to appeal." *Id.* 25.2(a)(2). The clerk's record, which contains a written plea bargain, establishes the punishment assessed by the court does not exceed the punishment recommended by the prosecutor and agreed to by the defendant. *See id.* The clerk's record does not include a written motion filed and ruled upon before trial; nor does it indicate that the trial court gave its permission to appeal. *See id.* The trial court's certification, therefore, appears to accurately reflect that this is a plea-bargain case and that appellant does not have a right to appeal. We must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id.* 25.2(d).

We, therefore, warned Alexander that this appeal would be dismissed pursuant to Texas Rule of Appellate Procedure 25.2(d), unless an amended trial court certification showing that he had the right to appeal was made part of the appellate record. *See* TEX. R. APP. P. 25.2(d), 37.1; *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, order). No such amended trial court certification has been filed. Rather, Alexander's appointed counsel has filed a response stating the trial court denied appellant's request for an amended certification, and therefore, he cannot demonstrate Alexander has a right to appeal. Accordingly, we dismiss this appeal pursuant to Rule 25.2(d).

PER CURIAM

DO NOT PUBLISH